UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 18-371 (BAH) |
| GREGORY WARREN MAULDIN, | Chief Judge Beryl A. Howell |
| Defendant. | |

**MEMORANDUM AND ORDER**

The defendant Gregory Warren Mauldin was sentenced on April 2, 2010 to an imprisonment term of time served and to a life term of supervised release on his plea of guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Judgment at 1–3, ECF No. 1-2.[1] The defendant now moves for early termination of supervised release. Def.'s Unopposed Mot. for Term. of Supervised Release ("Def.'s Mot."), ECF No. 4. The government does not oppose the defendant's motion, *see id.* at 6, but the U.S. Probation Office objects, maintaining that "guidance from the Guide (Volume 8E, §360.20) to Judiciary Policy does not support early termination [sic] sex offense cases." U.S. Probation Office Mem. (sealed) ("PO Mem.") at 2, ECF No. 10.

Early termination of the defendant's supervised release term is warranted. As the Probation Office concedes, the defendant "has successfully completed sex offender treatment, complies with sex offender registration requirements, and complies with his court-ordered

---

[1] The defendant was charged and sentenced in the Western District of Texas, but in December 2018, supervision of this case was transferred to this Court, where the case was randomly assigned to the undersigned. *See* Notice to District of Columbia of a Transfer of Jurisdiction as to Gregory Warren Mauldin ("Transfer of Jurisdiction Notice"), *United States v. Mauldin*, No. 5:08-cr-00582-OLG-1 (Dec. 10, 2018), ECF No. 83.

1

restrictions," and "this case meets the criteria for early termination." *Id*. Further, the defendant suffers from serious medical conditions, *see* Def.'s Medical Records 1–3 (sealed), ECF Nos. 6–8, that render supervised release particularly burdensome in this case. For the following reasons, the defendant's motion is **GRANTED**.

## I. BACKGROUND

In 2006, the U.S. Immigration and Customs Enforcement ("ICE") Cyber Crimes Center Child Exploitation Section discovered, as part of an investigation into a criminal organization that operated numerous commercial child pornography websites, that the defendant had made a payment to a PayPal account used by the criminal organization to process payments for access to its member-restricted websites. Plea Agreement at 2, *Mauldin*, No. 5:08-cr-00582-OLG-1, ECF No. 60-1. Following that lead, and after obtaining a search warrant, ICE agents, on March 12, 2008, searched the defendant's home, seized three computers found there, and interviewed the defendant, who admitted that he used file sharing software to download images of child pornography and had joined five or six commercial child pornography websites, paying approximately $79 to each website he joined. *Id.* at 3. A subsequent forensic examination of the seized computers revealed approximately 30 videos of child pornography stored on their hard drives, as well as approximately 100 images of child pornography that had been deleted from them. *Id.*

The defendant was sentenced on April 2, 2010 to a time-served term of imprisonment, an assessment of $100, a fine of $11,000, and a term of supervised release for life, the discretionary maximum. Judgement at 1–3, 6; *see also* Plea Agreement at 2. The defendant's supervision began at the time of sentencing.

## II.     ANALYSIS

The defendant seeks early termination of his life term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes termination of a term of supervised release "at any time after the expiration of one year of supervised release," so long as certain factors set out in § 3553(a) are considered and the release "is warranted by the conduct of the defendant [on supervision] and the interest of justice." 18 U.S.C. § 3583(e)(1). The parties and the Probation Office do not dispute that this Court has the discretion to modify the defendant's term of supervised release. *See* Def.'s Mot. at 1, 6; PO Mem. at 2; *see also United States v. Harris*, 258 F. Supp. 3d 137, 142–43 (D.D.C. 2017) (Howell, C.J.) (discussing this issue and concluding that the "weight of authority confirms that § 3583(e)(1) authorizes termination of [a] statutorily mandated term of supervised release"); *see also United States v. King,* No. 03-cr-249 (BAH), 2019 WL 415818, at *4 (D.D.C. Feb. 1, 2019) (same); *United States v. Wesley*, 311 F. Supp. 3d 77, 79 n.1 (D.D.C. 2018) (Kollar-Kotelly, J.) (same).

The D.C. Circuit has instructed, at least in the context of a denial of a motion for early termination of supervised release, that the district court must explain its consideration of the relevant factors, unless "the reasons for denying the motion are apparent from the record." *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289–90 (D.C. Cir. 2015). The reasoning of the D.C. Circuit applies equally to a decision to grant such a motion. *Harris*, 258 F. Supp. 3d at 143. Accordingly, the relevant factors under § 3553(a), including the defendant's post-incarceration conduct, are addressed first, before turning to consideration of whether the interest of justice warrants early termination of supervised release.

**A. Consideration of Applicable Factors Under 18 U.S.C. § 3553(a)**

In evaluating a motion for early termination of supervised release, the Court must consider the following seven factors from § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (authorizing modification of supervised release "after considering the factors set forth in" § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7)). Notably *not* among the § 3553(a) factors to be considered in determining whether to modify the term of supervision is "the need . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see* U.S. Sentencing Comm'n, Federal Offenders Sentenced to Supervised Release (July 2010) ("Supervised Release Report") at 9 ("The legislative history indicates that section 3553(a)(2)(A) was not included for consideration under 18 U.S.C. § 3583(c) because the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than punish them.").

Here, the sixth and seventh factors have limited relevance to the defendant because the "factor of avoiding unwarranted sentencing disparities . . . would generally undermine the case specific inquiry required in evaluating a motion for early termination of supervised release," *Harris*, 258 F. Supp. 3d at 145, and because this defendant has no restitution

obligations. In considering the remaining five factors, the Court is cognizant that supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson* (*Johnson I*), 529 U.S. 53, 59 (2000); *see also Johnson v. United States* (*Johnson II*), 529 U.S. 694, 708–09 (2000) (recognizing the "congressional policy in providing for a term of supervised release . . . is to improve the odds of a successful transition from the prison to liberty"). In addition, the Supreme Court has noted the congressional "aim[] . . . to use the district courts' discretionary judgment to allocate supervision to those release[d] who need[] it most." *Johnson II*, 529 U.S. at 709. "The relevant factors under § 3553(a) are, consequently, evaluated mindful of the Supreme Court's clear articulation of the purpose of supervised release and the district court's discretion to limit terms of supervised release to those who need it." *Harris*, 258 F. Supp. 3d at 145 (internal quotation marks and alterations omitted).

As to the first factor—the nature and circumstances of the offense—it weighs against early termination, but not heavily. Possessing child pornography and making payments to child pornography websites supports and enables an illicit and repellant industry that does tremendous harm to children around the globe. The defendant, however, "fe[lt] remorseful for looking at the child pornography and would frequently erase the content from his computer." Plea Agreement at 3. As he explained to the ICE agents who interviewed him on March 12, 2008, he "felt his problem was compounded by the fact that he lived alone and had difficulty meeting people due to the fact that he is disabled and suffers from cerebral palsy." *Id.* Even before he became aware that he was under investigation, "he had contacted his mother asking her to find a therapist for him, because he felt he needed psychological help."

*Id.* These considerations are especially relevant given that, as noted, "the need . . . to reflect the seriousness of the offense," 18 U.S.C. § 3553(a)(2)(A), is simply not a factor at play in considering whether early termination of supervision is warranted, *see id.* § 3583(c). Instead, the general focus of supervised release is forward looking, as captured by the second, third, and fourth factors of general deterrence of criminal conduct and specific deterrence of the defendant, as well as the need for continuing supervision to provide the defendant with educational or vocational training, medical care, or other correctional treatment. *See Johnson I*, 529 U.S. at 59 ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). Those three factors militate strongly for early termination of the defendant's supervision.

As for factors two and three—the important need to provide adequate deterrence of criminal conduct and to protect the public from further crimes—the defendant has served his prison sentence and more than ten years under supervision. The severity of this punishment amply provides a general deterrent to others. As for the need to protect the public from criminal conduct by the defendant, the length of time the defendant has already spent under supervision, without infraction, is highly probative. Indeed, the Sentencing Commission's analysis of supervised release recidivism rates found that "[v]iolations of conditions of supervision that result in revocation on average occur early in the supervision process," noting that, "in 2006, offenders whose supervision was revoked . . . served an average of only 17 months before revocation." Supervised Release Report at 63. In this case, since his release from prison over ten years ago, the defendant has complied with all the conditions of his supervised release and has not recidivated, as confirmed by the daily computer monitoring

and random searches upon reasonable suspicion to which he has been subjected. PO Mem. at 2. Factors two and three thus support early termination of supervised release.

As for factor four—the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment—the Probation Office does not indicate that the defendant has continuing, specific rehabilitative needs. To the contrary, the Probation Office reports that the defendant has "successfully completed sex offender treatment." *Id.* This factor thus also weighs in favor of early termination of supervised released.

Finally, as to the fifth factor—the applicable sentencing guidelines range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission—the Probation Office maintains that "guidance from the Guide . . . to Judiciary Policy does not support early termination [sic] sex offense cases." *Id.* The Probation Office accordingly "emphasizes the Court should consider the factors set forth in 18 USC § 3553(a), specifically the nature and circumstances of the offense." *Id.* Yet, as the foregoing analysis illustrates, the Court has weighed the relevant factors, and they favor early termination of supervised release. Indeed, even the Probation Office concedes that "this case meets the criteria for early termination." *Id.* Accordingly, the § 3553(a) factors, taken as a whole, warrant grant of the defendant's motion.

### B. Consideration of Interest of Justice Under 18 U.S.C. § 3583(e)(1)

In addition to consideration of the factors under § 3553(a), the Court must be "satisfied" that early termination of supervised release "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). No "extraordinary or unusual conduct" during supervision is required to meet this standard. *See Harris,* 258 F. Supp. 3d at 148–50; *see also United States v. Borea,* No. 03-cr-33-A, 2018 U.S. Dist. LEXIS

7

170268, at *1–2 (W.D.N.Y. Oct. 2, 2018) (determining that no new or changed circumstances are required (citing *United States v. Parisi,* 821 F.3d 343, 347 (2d Cir. 2016) (per curiam))).

In this case, the defendant has fully complied with the terms of his supervised release over the past ten years, including "successfully complet[ing] sex offender treatment, compl[ying] with sex offender registration requirements, and compl[ying] with court-ordered restrictions." PO Mem. at 2. Further, the defendant has been "subjected to daily computer monitoring and random searches upon reasonable suspicion," and "[t]here have been no indications of inappropriate internet or computer access, or activities." *Id.* Meanwhile, the defendant suffers from serious medical conditions that make continued reporting a significant hardship for the defendant. As noted, the defendant has been diagnosed with cerebral palsy, a debilitating disorder. He also suffers from other chronic medical conditions that make walking for prolonged periods difficult. *See* Def.'s Medical Record 1 at 1, 3; Def.'s Medical Record 2 at 1. In these circumstances, the Court concludes that early termination of supervised release is in the "interest of justice."[2]

---

[2] The defendant also argues that early termination of supervised release is called for in light of the COVID-19 pandemic. He explains that due to his underlying conditions, "the Covid-19 pandemic poses a unique and continuing threat to [his] health." Def.'s Mot. at 4. Consequently, the defendant "is sheltering in Florida with his family," and he maintains that "travel back and forth from Washington, DC is both unwise, and impractical for the short and long-term with the current Covid-19 crisis." *Id.* at 5. Although COVID-19 is "a novel severe acute respiratory illness that has killed . . . more than 100,000 nationwide" and for which "[a]t this time, there is no known cure, no effective treatment, and no vaccine," *S. Bay United Pentecostal Church v. Newsom*, No. 19A1044, 590 U.S. __, 2020 WL 2813056 (Mem), at *1 (May 29, 2020) (Roberts, C.J., concurring in denial of application for injunctive relief), the current pandemic will, inevitably, end, and therefore is not relevant to determining whether the defendant's *life* term of supervised release should be terminated early. Rather, the concerns related to COVID-19 that the defendant raises are best addressed through accommodations on the part of the Probation Office, which have already been provided here at least to an extent, *see* Def.'s Mem. at 5 (noting that the defendant has sheltered in Florida "with the knowledge and permission of his probation officer"), or through transfer of jurisdiction, as has previously occurred once in this case, *see* Transfer of Jurisdiction Notice, *Mauldin*, No. 5:08-cr-00582-OLG-1. Notwithstanding the irrelevance of the COVID-19 pandemic to the defendant's motion, other considerations ultimately justify early termination of the defendant's supervised release.

## III. ORDER

Accordingly, upon consideration of the defendant's Motion for Termination of Supervised Release, ECF No. 4, the related memoranda in support and opposition, the government's lack of opposition to the defendant's motion, the entire record in this case, and all of the relevant statutory purposes of supervised release according to 18 U.S.C. §§ 3553(a), 3583(e)(1), it is hereby

**ORDERED** that the defendant's motion is **GRANTED**; and it is further

**ORDERED** that the defendant's term of supervision shall be terminated early, effective this day.

**SO ORDERED**.

Date: June 1, 2020

_____
BERYL A. HOWELL
Chief Judge